Nicholas P. Eliades, Esq.
STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
(201) 857-6764
Nicholas.eliades@stevenslee.com
Attorneys for Defendant, Arizona
Beverages USA LLC

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANNON CARRASCO and LAURIE LEBRON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ARIZONA BEVERAGES USA LLC, <br><br> Defendant. | Case No. 2:24-cv-08786 |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant, Arizona Beverages USA LLC ("Defendant" and, at times, "ABUSA"), through its undersigned counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and respectfully states:

1.      On July 26, 2024, plaintiffs, Shannon Carrasco ("Plaintiff Carrasco") and Laurie Lebron ("Plaintiff Lebron") (collectively, "Plaintiffs"), commenced this putative class action against Defendant by filing a Class Action Complaint ("Complaint") in the Supreme Court of the State of New York, County of Queens, bearing Index No. 715500/2024.

1

2. As more fully set out below, this case is being properly removed to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and said Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3. The Summons and Complaint were served on the Secretary of State of New York on November 12, 2024. See Proof of Service of Summons attached as Exhibit A. However, Defendant did not receive notice that such service was made until December 9, 2024. See accompanying declaration of Patrice Walters attached as Exhibit B.

4. The Courts in this Circuit have repeatedly held that when a plaintiff serves process on a defendant's statutory agent—here, the New York Secretary of State, *see* N.Y. L.L.C. Law § 303—"the thirty-day period for removal does not begin to run until the defendant[,] and not its statutory agent[,] receives notice that service has been made." *Carr v. Marriott Int'l, Inc.*, No. 11 Civ. 8186, 2012 WL 1075160, at *1 (S.D.N.Y. Mar. 30, 2012); *see also id.* (collecting cases); *Sw. Marine & Gen. Ins. Co. v. Main St. Am. Assurance Co.*, No. 21 Civ. 2714, 2021 WL 4441513, at *1 (S.D.N.Y. Sept. 28, 2021); *Cavazzini v. Allison*, No. 23 CIV. 5430 (AT), 2024 WL 532102, at *1 (S.D.N.Y. Jan. 8, 2024); *Sundown v. Endeavor Air, Inc.*, No. 21-cv-1505 (ENV) (RLM), 2022 WL 20594976, at *2 (E.D.N.Y. Mar. 31, 2022).

5. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

6. The Supreme Court of the State of New York, County of Queens, is located within the Eastern District of New York. Therefore, venue is proper within the Eastern District of New

York pursuant to 28 U.S.C. § 112(c) and 28 U.S.C. § 1441 because said district is the district and division embracing the place where such action is pending.

7. No previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant, which papers include the Summons and Complaint, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Supreme Court of the State of New York, County of Queens.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

9. This case is subject to removal pursuant to the Class Action Fairness Act ("CAFA") (codified in various sections of 28 U.S.C. including 28 U.S.C. § 1332).

10. As set forth below, this is a putative class action in which: (1) there are 100 or more members in the Plaintiffs' proposed class; (2) any member of the proposed class of plaintiffs is citizen of a state different from the citizenship of Defendant; and (3) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000.00) in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. Class Action Consisting of More Than 100 Members

11. In the Complaint, Plaintiffs purport to represent a class of all persons in New York who purchased Defendant's product, Arnold Palmer Lite Half Iced Tea & Half Lemonade, in 20-ounce bottles (defined as the "Product"), during the statute of limitations for each cause of action alleged. (Ex. A, Complaint, ¶¶ 17 and 78).

12. Plaintiffs allege that the "class is sufficiently numerous, with over 100 members, because the Product has been sold throughout the State for several years with the representations,

omissions, packaging, and/or labeling identified here, at third-party retailers such as gas stations, drug stores, convenience stores, bodegas, delis, grocery stores, big box stores, warehouse club stores, and/or online, to citizens of this State." (*Id*., Complaint, ¶ 85).

**B.      Diversity of Citizenship Exists Under CAFA**

13.     "CAFA requires only minimal diversity of the parties, *i.e.*, where at least one plaintiff and one defendant are citizens of different states." *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-CV-1238 (JS) (WDW), 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) (citing 28 U.S.C. § 1332(d)(2)) (there need only be "a reasonable probability that at least one class member is not a citizen of New York and thus is a 'citizen of State different from … defendant'").

14.     Plaintiff Carrasco is a citizen of Queens County, New York. (*Id.*, Complaint, ¶ 64). Plaintiff Lebron is a citizen of Nassau County, New York. (*Id.*, Complaint, ¶ 65).

15.     Defendant is a limited liability company organized in the State of New York with a principal place of business in New York. (*Id*., Complaint, ¶ 66). The members of Defendant include citizens of the State of New York making Defendant a citizen of the State of New York. (*Id*., Complaint, ¶ 67).

16.     However, the class alleged is defined as follows:

> All persons in New York who purchased the Product in New York during the statutes of limitations for each cause of action alleged.

(*Id.*, Complaint, ¶ 78).

17.     The class claims alleged in the action are not limited only to citizens of the State of New York. The class is defined in a manner that refers to purchasers in New York which includes citizens of States other than New York, who purchased the Product in New York. Because the class is not clearly defined as limited to citizens of New York only, the putative class includes

4

citizens of a State different from the citizenship of Defendant. *See Preaster v. Fulton Sav. Bank*, No. 5:22-cv-00342 (AMN/TWD), 2023 WL 3847468, at *3 (N.D.N.Y. Mar. 21, 2023) (stating that "[g]iven Plaintiff's allegation that at least one member of the class is a citizen of another state and the fact that the class definition is not limited to New York citizens, as well as Defendant's assertion concerning its customers' mailing addresses, the court finds that there is a reasonable probability that at least one class member is not a citizen of New York and thus is a 'citizen of a State different from...defendant'" (citations omitted)); *see also Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883-84 (9th Cir. 2013) (reversing remand and finding that a class defined as all persons who purchased a vehicle in California did not necessarily limit the class to California citizens); *McMulllen v. Synchrony Bank*, 82 F. Supp. 3d 133, 144 (D.D.C. 2015) (noting that "defining the class as 'customers in the District of Columbia' does not directly translate to 'customers who are citizens of the District of Columbia'").

18.     Plaintiffs further allege that Defendant committed tortious acts outside this State that have caused injury to consumers within this State. (*Id*., Complaint, ¶¶ 57 and 58). Additionally, Plaintiffs claim that Defendant "derives substantial revenue from interstate commerce." (*Id*., Complaint, ¶ 58). These allegations also support CAFA jurisdiction. *See Brook v. UnitedHealth Grp. Inc.*, No. 06-CV-12954 (GBD), 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 22, 2007) (observing, in the context of denying remand, that an exception to CAFA jurisdiction did not apply because the "complaint itself alleges that the adverse effects suffered, as a result defendants' culpable conduct, was not limited to the New York named plaintiffs but also included health care providers in several other states").

C. **The Amount-In-Controversy Requirement Is Satisfied**

19. Plaintiffs allege that Defendant falsely and deceptively labels the Product as "Lite." (Ex. A, Complaint, ¶ 99).

20. Plaintiffs allege claims under the New York General Business Law §§ 349 and 350 and seek judgment for class certification, monetary damages and counsel fees along with other relief. (*Id*., Complaint, Wherefore, ¶¶ 1-4).

21. The claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6). Under this aggregated standard, Plaintiffs' claim manifestly meets the jurisdictional threshold.

22. The amount in controversy can be satisfied through the statutory minimum damages amounts set by New York General Business Law §§ 349 and 350. *See Andersen v. Walmart Stores, Inc.*, No. 16-cv-6488 CJS, 2017 WL 661188 at *6 (W.D.N.Y. Feb. 17, 2017). For purposes of determining the amount in controversy, the court may estimate total available damages by multiplying the number of total units sold by the statutory damages. *See Bardsley v. Nonni's Foods LLC*, No. 20 Civ. 2979 (NSR), 2023 WL 3570550, at *5 (S.D.N.Y. May 18, 2023); *see also Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 70 (E.D.N.Y. 2015) (Section 349 "provides for statutory damages of $50 to each class member for each time defendant violated the statute.").

23. Between July 26, 2021 and July 28, 2024, sales data from Information Resources, Inc. ("IRI") shows that retail sales of the Product, in New York, totaled approximately $4.4 million Dollars, with over 2.9 million units being sold during that period. (Ex. C, Declaration of Todd Christiansen, "Christiansen Dec.", ¶¶ 5 and 6).

24. For each violation of New York General Business Law § 349, a plaintiff may recover actual damages or fifty dollars, whichever is greater. N.Y. Gen. Bus. Law § 349(h). For each violation of New York General Business Law § 350, a civil plaintiff may recover actual damages or five hundred dollars, whichever is greater. N.Y. Gen. Bus. Law § 350-e(3). Combined, under both New York General Business Law §§ 349 and 350, every putative class member could be entitled to a statutory minimum award of $550 for each alleged violation. *Bardsley*, 2023 WL 3570550, at *5 (combining the statutory minimums of Sections 349 and 350 to obtain the $550 damages-per-unit estimate); *see also Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 573 (S.D.N.Y. 2021) (assuming a "one-package-to-one-class-member ratio" to estimate damages under Sections 349 and 350 for purposes of evaluating the CAFA threshold). Based on that amount of $550, as few as 10,000 violations would satisfy the CAFA threshold. *See Andersen*, 2017 WL 661188, at *6 (given plaintiff's estimate of class members in excess of 10,000 members, the court found a reasonable probability that CAFA's damages threshold was satisfied by way of Section 350).

25. While Defendant denies violating §§ 349 or 350 in any way, because the evidence submitted shows that over 2.9 million units were sold by retail stores in New York, between July 26, 2021 and July 28, 2024, well more than 10,000 alleged violations are the subject of this action. (Ex. C, Christiansen Dec., ¶ 6).

26. Taken in the aggregate, the amount in controversy exceeds $5,000,000 given: (a) the breadth of this proposed class (tens of thousands of purchases of the Product in New York); and (b) the tens of thousands of instances of each alleged violation based upon the claim of liability under N.Y. Gen. Bus. Law Sections 349 and 350, it is respectfully submitted that the jurisdictional threshold has been satisfied.

WHEREFORE, Defendant respectfully removes this action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441.

Dated: December 24, 2024

Respectfully submitted,

*/s/ Nicholas P. Eliades*

Nicholas P. Eliades, Esq.
STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
(201) 857-6764
Nicholas.eliades@stevenslee.com
Attorneys for Defendant,
Arizona Beverages USA LLC

8